# United States District Court, Northern District of Illinois

HHN

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 878 | **DATE** | March 27, 2009 |
| **CASE TITLE** | John Harper (N-51944) v. C.O. Davis, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [6] is granted. The trust fund officer at Plaintiff's current place of incarceration is ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated below. The Clerk is directed to send a copy of this order to the trust fund officer at Pinckneyville Correctional Center. Plaintiff is given 30 days from the date of this order to show cause why his action should not be dismissed as untimely. Plaintiff's motion for status [7] is denied as moot.

■ [For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

The Court finds that Plaintiff John Harper, a prisoner confined at Pinckneyville Correctional Center, is unable to prepay the filing fee. The Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 3.00 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

## STATEMENT

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 1983. He alleges that in September 2006, defendant Davis, a sheriff at Cook County Jail, assaulted him. Davis then took Plaintiff into Superintendent Snooks's office. Defendant Snooks allegedly told Plaintiff that if he filed a grievance, he would be set up. Several days after the assault, defendant Jane Doe, a worker in the Health Care Unit, told him that she was the one responsible for having Davis assault Plaintiff because Plaintiff allegedly hit Jane Doe's daughter. Several weeks later, defendant Ms. Lee also told Plaintiff that she had Davis assault Plaintiff because Plaintiff allegedly hit her niece. (Defendants Jane Doe and Ms. Lee are sisters, according to Plaintiff.) About a month before Davis assaulted Plaintiff, defendant Fergerson tightened Plaintiff's handcuffs until his wrists were bleeding and rammed his head against the wall.

The Clerk of the Court received Plaintiff's complaint on February 11, 2009, although the envelope was postmarked December 17, 2008. Regardless of which date governs, the case was filed more than two years after the alleged events.

Section 1983 actions are governed by the forum state's statute of limitations and its corresponding tolling rules. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623-24 (7th Cir. 2007). "In Illinois, the statute of limitations for personal injury actions is two years, and so section 1983 actions litigated in federal courts in Illinois are subject to that two year period of limitations." *Id.* at 623. The statute begins to run when the plaintiff knows or should know that his constitutional rights have been violated--here, from the date of the alleged uses of excessive force, which was sometime in September 2006. *See Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Because more than two years have elapsed since Plaintiff's claim as to the alleged assaults, it appears that this action is time-barred. Before finally dismissing the case, however, the Court will give Plaintiff an opportunity to show otherwise.

Accordingly, the Court gives Plaintiff 30 days from the date of this order to show cause why his action should not be dismissed as untimely.

In addition to the alleged assaults at Cook County Jail, Plaintiff claims that defendant Sharon L. McCurkle, the law librarian at Lawrence Correctional Center, denied him access to the courts by failing to call him to the law library. In *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007), the Court of Appeals held that unrelated claims against different defendants must be brought in separate suits. If Plaintiff wants to file an action against the law librarian, then he will need to do so in a separate lawsuit and he will be responsible for paying another $350 filing fee. He should also file any such action in the Southern District of Illinois where Lawrence Correctional Center and defendant McCurkle are located.

*Wm. J. Hibbler*