UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HARPER, | ) | |
|     *pro se* | ) | |
|     Plaintiff, | ) | 09 C 878 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | William J. Hibbler |
| C.O. DAVIS, JANE DOE, MS. LEE, | ) | |
| FERGERSON, SUPERINTENDANT | ) | |
| SNOOK, SHARON McCORKLE, | ) | |
| in their official and individual capacities | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT**

    Defendants, C.O. DAVIS, MS. LEE, FERGESON and SUPERINTENDANT SNOOKS, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, by her assistant, PATRICK SMITH, move this Court for Summary Judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure, because Plaintiff did not suffer an injury of a Constitutional magnitude which allows him to recover. In support of their motion, Defendants submit the following:

**INTRODUCTION**

    Plaintiff John Harper, *pro se,* brings this action pursuant to 42 U.S.C. Section 1983 alleging the use of excessive force against him in violation of his Eighth Amendment rights. The proper inquiry is whether there was a violation of his Fourteenth Amendment rights because Plaintiff was a pre-trial detainee at the time of the alleged incidents.

    However, the uncontroverted evidence shows that Plaintiff did not suffer any egregious constitutional injuries, nor was he willing to produce any witnesses to the defendants' actions.

There is no genuine issue of material fact regarding a violation of Plaintiff's Constitutional rights; and all Defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

On September 21, 2005, Plaintiff John Harper was lawfully remanded to the custody of the Sherriff of Cook County and detained in Division IX of the Cook County Jail. (56.1(a), 7; Pl's Dep., p. 26-27, Ex. 3.) Plaintiff was charged with robbery. (56.1(a), 7; Pl's Dep., p. 26-27, Ex. 3.) At all times relevant to this complaint, Plaintiff was an inmate in Division IX. (56.1(a), 8; Pl's Dep., p. 26, Ex. 3.)

On or about September 2006, Plaintiff was exiting his cell at 3:00 p.m. when he was asked by wing officer Frank Ovarius to talk in the hallway. (56.1(a), 9; Pl's Compl., p. 4, Ex. 1; Pl's Dep., p. 38, Ex. 3.) During this encounter, Plaintiff was struck by Defendant Davis. (56.1(a), 3; Pl's Compl., p. 4, Ex. 1; Pl's Dep., p. 38-39, Ex. 3.) Plaintiff claims he was unconscious after being struck, and was handcuffed behind the back by Officer Davis. (56.1(a), 9; Pl's Compl., 4, Ex. 1; Pl's Dep., 51, Ex. 3.) Plaintiff also when he regained consciousness he was struck a few more times by Officer Davis. (56.1(a), 10; Pl's Compl., p. 4, Ex. 1; Pl's Dep., p. 39, Ex. 3.) After the encounter, Plaintiff was taken to Cermak Health Center where he was given an ice pack, over-the-counter pain medication, and had an x-ray taken. (56.1(a), 14; Pl's Dep., p. 56, Ex. 3.) Plaintiff did not experience any bleeding or injuries as a result of the alleged incident. (56.1(a), 11; Pl's Dep., p. 50, Ex. 3.)

Plaintiff further alleges that he was involved in another incident during an excursion to Court with Officer Lyle Ferguson. (56.1(a), 19; Pl's Compl., p. 5, Ex. 1; Pl's Dep., p. 66, Ex. 3.) Plaintiff claims that Ferguson tightened his handcuffs to an inappropriate level. (56.1(a), 19; Pl's Compl., p. 5A, Ex. 1; Pl's Dep., p. 66, Ex. 3.) Further, plaintiff claims that Ferguson pushed his

2

head into a wall, causing dizziness. (56.1(a), 20; Pl's Compl., p. 5B, Ex. 1; Pl's Dep., p. 66, Ex. 3.)

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) states that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the non-movant must be believed and all the justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 148 (1970)). The court's function is to determine whether there is a genuine issue for trial, not to weigh evidence to determine the truth of the matter. *Id* at 248. A party who will bear the burden of proof on a particular issue at trial may not rest on the pleadings, but must affirmatively demonstrate with specific factual allegations that there is a genuine issue of material fact that requires a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 332 (1986). A genuine issue is one in which the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 249.

"When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather its response must … set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2).

**ARGUMENT**

**I.   Plaintiff fails to show that he suffered a constitutional injury from Defendant Fergerson that would allow him to recover under Section 1983.**

This Court should grant Defendants' motion for summary judgment because the Plaintiff's facts are not sufficient to support his claim that he suffered an injury that would allow him to recover under Title 42 U.S.C. 1983. Under Section 1983 a plaintiff must allege that a defendant deprived him of a right secured by the Constitution, and that the defendant acted under color of State law. *See Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009). Section 1983 is a tort statute, which to be actionable requires an injury. *Bart v. Telford,* 677 F.2d 622 (7th Cir. 1982). Plaintiff alleges that he was deprived of his Fourteenth Amendment rights when Defendant Fergerson used excessive force on him; however, Defendant Fergerson is entitled to summary judgment because Plaintiff did not suffer *any* injury, let alone an injury of a constitutional magnitude.

In his deposition, Plaintiff states that one day on his way to court, Defendant Fergerson tightened his handcuffs and pushed his head into a wall causing dizziness. (56.1(a), 20; Pl's Compl.. p. 5A, Ex. 1; Pl's Dep. p. 66, Ex. 3.) However, Plaintiff provides no evidence that he was injured at all. In fact, Plaintiff did not seek medical attention after the incident with Fergerson, and there are no documented injuries. Because Plaintiff did not suffer any injury he is not entitled to recover under Section 1983.

Nevertheless, even if Plaintiff had suffered an injury he could not prevail because he has not provided evidence that Defendant Fergerson applied more than *de minimis* force, which does not violate the Constitution. To show excessive force under the Fourteenth Amendment a plaintiff must show that force was more than *de minimis*. *Lewis*, 581 F.3d at 475. The Seventh Circuit has previously held that a single isolated shove resulting in bruising and minor medical

4

treatment fell short of a constitutional violation. *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 1999). Here, Plaintiff's claims rest on even shakier ground. The incident with Fergerson was also a single, isolated incident, but Plaintiff suffered absolutely no documented injury. Therefore, there is no genuine issue of fact regarding a violation of Plaintiff's Fourteenth Amendment rights, and Defendant Fergerson is entitled to judgment as a matter of law.

**II. Plaintiff fails to show a constitutional injury from Defendant Davis that would allow him to recover under Section 1983**

This Court should grant Defendants' motion for summary judgment because there are no genuine issues of material fact with respect to the Plaintiff suffering an injury of a constitutional magnitude. In order to recover, Plaintiff must have suffered a constitutional injury. Plaintiff alleges that his Fourteenth Amendment rights were violated; however, not every malevolent touch by a security officer implicates the constitution. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010) (quoting *Johnson* v. *Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973)).

Plaintiff's facts do not support any injury of a Constitutional magnitude. Plaintiff did not bleed from being struck by Davis. (56.1(a), 11; Pl's Dep. p. 50, Ex. 3.) After the incident, Plaintiff's only treatment was an ice pack and over-the-counter pain medication at Cermak Health Center. (56.1(a), 14; Pl's Dep. p. 56, Ex. 3.) He did not have any broken bones. Nor Plaintiff did require follow-up treatment. He was only provided with an ice pack and over-the-counter pain medication, and required nothing further. (56.1(a), 14; Pl's Dep. p. 56, Ex. 3.) Without providing evidence, Plaintiff asserts that he suffered "substantial physical injury and psychological trauma and emotional distress." (56.1(a) 18; Pl's Compl., p. 50, Ex. 1.) Plaintiff's injuries are not of the sort the Court has previously found support an excessive force claim –

5

loose teeth, cracked dental plates, and severed fingers. *See Hudson v. McMillian*, 503 U.S. 1 (1992); *Sallie v. Thiel*, 23 Fed. Appx. 586 (7th Cir. 2001).

Plaintiff has failed to provide evidence of excessive force being used against him through his witness statements. Plaintiff's uncontroverted evidence illustrates, at most, minor injuries not rising to a constitutional magnitude. Based on these injuries no reasonable jury could find that Plaintiff's Fourteenth Amendment rights were violated; therefore, Defendant Davis should be granted summary judgment.

**III.     Defendant Vivian Lee is entitled to summary judgment because Plaintiff provides no evidence Defendant Lee used force against him.**

Plaintiff contends that Defendant Lee violated his Fourteenth Amendment rights by having Defendant Davis beat him up. (56.1(a), 21; Pl's Compl., p. 5A; Pl's Dep. p. 28, Ex. 3.) However, to prevail under Section 1983 Plaintiff must show that Defendant Lee "personally caused or participated in the alleged constitutional violation." *Palmer v. Marion Co.*, 327 F.3d 588 (7th Cir. 2003). The alleged constitutional violation in this case is the use of excessive force in violation of the Fourteenth Amendment. To prove a violation based on excessive force, Plaintiff must show that Defendant Lee inflicted pain unnecessarily and wantonly. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff provides no evidence that Defendant Lee ever touched him, let alone used a degree of force that would implicate the Constitution. Based upon the evidence, Defendant Lee did not participate in inflicting pain on Plaintiff. Therefore, Plaintiff's only possible theory is that Defendant Lee personally caused the use of excessive force by organizing the incident between Plaintiff and Davis. Plaintiff fails to raise any genuine issue of material fact regarding this issue because he relies on speculation and conclusory allegations. Plaintiff merely alleges in his complaint that Defendant Lee stated, "Do you think you'll get away with hitting my niece?"

6

(56.1(a), 21; Pl.'s Compl., p. 5A, Ex. 1.) Plaintiff also makes conclusory allegations that Defendant Lee was involved in a plot to beat him up. (56.1(a), 21; Pl.'s Dep. p. 28, Ex. 3) Plaintiff provides no evidence outside of his own conclusory allegations and he cannot rest on speculation that Defendant Lee was involved in the arranging the incident with Davis. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2009) (A plaintiff cannot rely on speculation to manufacture a genuine issue of material fact to survive summary judgment). Even if Plaintiff proved Defendant Lee were involved, his claim would still fail because, for the reasons listed above, Plaintiff suffered no constitutional injury as a result of the incident with Defendant Davis. Because Plaintiff provides no evidence that Defendant Lee personally violated his Fourteenth Amendment rights or that Defendant Lee was involved in an alleged violation of his rights, there is no genuine issue of material fact and Defendant Lee is entitled to summary judgment.

**IV. Defendant Snooks is entitled to summary judgment because Plaintiff provides no evidence of retaliation in violation of his First or Fourteenth Amendment rights.**

Plaintiff alleges that Defendant Snooks violated his First and Fourteenth Amendment rights by threatening to retaliate against him if he filed a grievance in response to the incident with Defendant Davis (56.1(a), 16; Pl's Compl., p. 4, Ex. 1.) However, Plaintiff's evidence does not raise a genuine issue of material fact regarding retaliation in violation of his constitutional rights because he shows no evidence of adverse actions against him, the comments do not rise to the level of a constitutional violation, and there is no evidence of an injury.

To show a violation of his First and Fourteenth Amendment rights, Plaintiff must show that he engaged in an activity protected by the First Amendment, he suffered a deprivation or adverse action that would deter expression of first amendment rights; and the first amendment activity was at least a factor in the deprivation or adverse action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Prisoners have a First Amendment right to express grievances over their prison conditions, including officer misconduct. *Hasan v. U.S. Dep't of Labor*, 400 F.3d 1001, 1005 (7th Cir. 2005). However, Plaintiff must also show that his filing of a grievance or report of officer misconduct resulted in retaliatory action or deprivation of his rights. The Seventh Circuit has stated that retaliatory actions include, but are not limited to, disciplinary actions, loss of privileges, change in living conditions, transfer to new location. *Foster v. Powell*, 2010 U.S. App. LEXIS. 24572 *3 (7th Cir. 2010). Plaintiff provides no evidence of any retaliatory actions. The only other incident of excessive force Plaintiff alleges cannot be considered retaliation because Plaintiff alleges that the incident with Fergerson happened "about a month" before the incident with Davis. (56.1(a), 19; Pl's Compl., p. 5A, Ex. 1.) Therefore, Plaintiff has presented no evidence of adverse actions taken against him in retaliation for expressing his First Amendment rights.

Threatening a penalty for future expression of protected speech can violate the First Amendment. *Nebraska Press Association v. Stuart,* 427 U.S. 539, 559 (1976). However, this threat must be serious enough that it would deter an ordinary person from speaking. *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982). The conversation Plaintiff had with Snooks clearly did not contain a threat that would deter an ordinary person given that Plaintiff filed a grievance reporting the alleged incident. (56.1(a), 15; Pl's Dep. p. 67, Ex. 3.) Plaintiff also filed this lawsuit, which indicates that he was not deterred by any statements made to him in Defendant Snooks' office. Plaintiff's persistence in filing his grievance and this subsequent lawsuit demonstrates that any statements made to him were not of the sort that would deter an ordinary person from exercising his First Amendment rights.

Additionally, Defendant Snooks' statements did not injure Plaintiff in any way. Plaintiff still filed a grievance after talking with Defendant Snooks'. (56.1(a), 15; Pl's Dep. p. 67, Ex. 3.) Plaintiff accessed the court to file this lawsuit after he was dissatisfied with his grievance. Plaintiff has had plenty of opportunity to express his concerns over his prison conditions and has not been deprived of his First Amendment right to express concerns over his prison conditions.

## **CONCLUSION**

For the reasons stated above, there are no genuine issues of material fact and all Defendants are entitled to judgment as a matter of law. Defendants Fergerson and Davis are entitled to summary judgment because Plaintiff did not suffer a constitutional injury. Defendant Lee is entitled to summary judgment because Plaintiff provided no evidence that she used force against him. Defendant Snooks is entitled to summary judgment because Plaintiff provides no evidence of retaliation against him and effectively exercised his First Amendment rights. Therefore, this Court should grant Defendants' Motion for Summary Judgment with fees, costs and other such relief as the Court deems just and appropriate.

    Respectfully Submitted,

    ANITA ALVAREZ
    State's Attorney of Cook County

By:    /s/ Patrick S. Smith
       Patrick S. Smith
       Deputy Supervisor
       Conflicts Counsel Unit
       69 W. Washington, Suite 2030.
       Chicago, IL 60602
       (312) 603-1422