# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN HARPER (#N-51944), | )<br>) |
| Plaintiff, | )<br>) Case No. 09 C 0878<br>) |
| v. | ) Judge William J. Hibbler<br>) |
| C/O DAVIS, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, John Harper, filed suit, *pro se*, against Correctional Officers Howard Davis, Lyle Fergerson, and Velma Lee,[1] and Superintendent Thomas Snooks. Plaintiff alleges that he was subject to two separate incidents of excessive force, one by Correctional Officer Fergerson, and one by Correctional Officer Davis. (See Plaintiff's complaint, pp. 4-5b.) Plaintiff alleges that the incidents occurred at the direction of Correctional Officer Ms. Lee. Finally, Plaintiff alleges that when he told Superintendent Snooks about the incident with Correctional Officer Davis, and that he intended to file a grievance, Superintendent Snooks threatened to kill him. Plaintiff also had named a Jane Doe Defendant, whom he has never adequately identified, and never successfully served.

Presently pending before the Court is Defendants Davis, Fergerson, Lee, and Snooks' motion for summary judgment. Defendants contend that the injuries alleged by Plaintiff from the two incidents of excessive force by Fergerson and Davis, respectively, were *de minimus* and did not rise to the level of constitutional injury. Defendants also

---

[1] Defendants refer to Ms. Lee as both "Velma" Lee and "Vivian" Lee in their motion/memorandum in support of summary judgment. To avoid confusion, the Court will refer to her as "Ms. Lee."

contend that as to the incident involving Defendant Fergerson, there is no evidence of injury. Defendants further allege that Plaintiff has provided no evidence supporting his claim of Ms. Lee arranging for the force used against him by Correctional Officers Fergerson and Davis or his claim of the retaliation by Superintendent Snooks. For the reasons stated herein, the motion for summary judgment is granted as to Defendants Fergerson, Lee, and Snooks, and denied as to Defendant Davis. Defendant Jane Doe is dismissed pursuant to FED. R. CIV. P. 4(m).

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue at trial or in a case must affirmatively demonstrate, with admissible evidence that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

2

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2 (N.D. Ill.). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file a concise response to the movant's statement that contains:

> (A) A response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) A statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994). Despite being given this notice, Plaintiff failed to adequately respond to Defendants' Rule 56.1 statement of facts. Although he filed several pleadings, none of them respond to Defendants' Rule 56.1 statement of facts. (*See* Plaintiff's Motion to submit declaration ECF Doc. No. 112; Plaintiff's motion to exclude Defendants' motion for summary judgment, ECF Doc. No. 113; Plaintiff's motion for summary judgment, ECF Doc. No. 114; Plaintiff's motion for default, ECF Doc. No. 115.) Consequently, Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material and adequately supported by the record, are deemed admitted.

However, to the extent that Plaintiff's submissions address material facts and are adequately supported by the record, the Court has considered them in making its ruling on Defendants' motion for summary judgment. While Plaintiff filed his own motion for summary judgment, it does not comply with the requirements of FED. R. CIV. P. 56 or Local Rule 56.1. Consequently, the Court construes it as a response to Defendants' motion, and not as a motion, in and of itself. To the extent Plaintiff intended it as a motion, it is denied.

## FACTS

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, from Plaintiff's complaint, from Plaintiff's motions which have been construed as his response to Defendants' motion for

summary judgment where Plaintiff made adequate citation to the record (*see* ECF Doc. Nos. 112-115), and Plaintiff's witness statements, which are referred to by Defendants in their memorandum in support of motion for summary judgment (*see* Defendants' memorandum, p. 6 and ECF Doc No. 49).[2]

At all times relevant to this complaint, Plaintiff was an inmate in Division 9. (Plaintiff's Dep. p. 26-27, Defendants' Ex. 3.) Division 9 is a maximum security area of the Cook County Jail. (Plaintiff's Dep. p. 27, Defendants' Ex. 3.) Plaintiff was exiting his cell at 3:00 pm "on or around September 2006" when wing officer Frank Ovarius requested to speak with him in the hallway. (Plaintiff's Compl. p. 4, Defendants' Ex. 1; Plaintiff's Dep. p. 38, Defendants' Ex. 3.)

Plaintiff claims Officer Howard Davis struck him in the jaw. (Plaintiff's Compl. p. 4, Defendants' Ex. 1.) Plaintiff stated he was unconscious (or knocked out) as a result of the blow, at which time Davis handcuffed Plaintiff behind his back. (Plaintiff's Compl. p. 4, Defendants' Ex. 1; Plaintiff's Dep. p. 50, Defendants' Ex. 3.) After regaining consciousness, Plaintiff states Davis struck him a few more times. (Plaintiff's Compl. p. 4, Defendants' Ex. 1; Plaintiff's Dep. p. 39, Defendants' Ex. 3.) The witnesses statements of Thomas King and Charles Hunter, submitted by Plaintiff and referred to by Defendants in their motion for summary judgment, corroborate Plaintiff's description of the alleged altercation with Correctional Officer Davis. (ECF Doc. No. 49, and Defendants' memorandum, p. 6.)

---

[2] Although the witness statements were not included with Defendants' exhibits, Defendants refer to them in their memorandum in support of motion for summary judgment. The statements were submitted by Plaintiff. (See ECF Doc. No. 49). The Court denied Plaintiff's motion to submit them in its order of March 30, 2010, however, Defendants refer to them in their memorandum, making them part of the record. As such, the Court will consider the statements in addressing Defendants' motion for summary judgment.

5

Plaintiff was not bleeding as a result of this incident. (Plaintiff's Dep. p. 51, Defendants' Ex. 3.) Plaintiff estimates that the above incident lasted a "couple of minutes." (Plaintiff's. Dep. p. 52, Defendants' Ex. 3.) The incident took place on the second level of Division 9. (Plaintiff's Compl. p. 4, Defendants' Ex. 1; Plaintiff's Dep. p. 53, Defendants' Ex. 3.) Plaintiff was then taken to Cermak Health Center. (Plaintiff's Dep. p. 55, Defendants' Ex. 3.) At Cermak, Plaintiff was given an ice pack, X-rays, and "some medicine" (Aspirin, Tylenol, or Ibuprofen). (Plaintiff's Dep. p. 56, Defendants' Ex. 3.)

Plaintiff alleges that he filed a grievance regarding his incident with Davis. (Plaintiff's Dep. p. 67, Defendants' Ex. 3.) In his complaint, Plaintiff claims that following the incident, he was taken to the office of Superintendent Snooks, where he alleges to have been told by Snooks that they will kill him if a grievance was filed in response to the incident with Officer Davis. (Plaintiff's Compl. p. 4, Defendants' Ex. 1.) In his deposition, Plaintiff alleges that Superintendent Snooks was told about the incident with Davis, but is unable to specify when or by whom. (Plaintiff's Dep. p. 69-70, Defendants' Ex. 3.) Plaintiff is only able to specify that a "whole lot of people" were told. (Plaintiff's Dep. p. 69-70, Defendants' Ex. 3.)

In a separate incident about a month before the above incident, Plaintiff alleges that Defendant Fergerson was taking him into court when he grabbed Plaintiff's handcuffs and tightened them. (Pl's Compl. p. 5A, Defendants' Ex. 1; Plaintiff's Dep. p. 66, Defendants' Ex. 3.) Plaintiff complains that the handcuffs were tightened until Plaintiff was bleeding. (Pl's Compl. p. 5A, Defendants' Ex. 1.) Plaintiff alleges Fergerson then slammed Plaintiff's head into a wall. (Plaintiff's Compl. 5B, Defendants'

Ex. 1; Plaintiff's Dep. p. 66, Defendants' Ex. 3.) Plaintiff claims that this incident made him dizzy and caused swelling, but claims no further injuries. (Plaintiff's Compl. p. 5B, Defendants' Ex. 1)

Plaintiff claims that Ms. Lee was involved a plot to have him beat up, stating that both incidents were set-up by Ms. Lee as retaliation for an incident on the street where he punched a woman and was arrested. (Plaintiff's Compl. p. 5A, Defendants' Ex. 1; Plaintiff's Dep. p. 28, Defendants' Ex. 3.) Plaintiff bases this claim on Ms. Lee saying to Plaintiff, "Do you think you'll get away with hitting my niece?" (Plaintiff's Compl. p. 5A, Defendants' Ex. 1.)

## ANALYSIS

### I. Questions of Material Fact Exist regarding Plaintiff's Excessive Force Claims against Defendant Davis.

Because Plaintiff was a pre-trial detainee, his excessive force allegations must be assessed within the context of the Due Process Clause. *See Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989). The Supreme Court has stated that there is no reason to distinguish between convicted inmates and pretrial detainees in the context of excessive force allegations, *Bell v. Wolfish*, 441 U.S. 520, 546 n. 28, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979), and the Seventh Circuit has therefore assumed that the applicable standard for excessive force claims is provided by the Eighth Amendment, *Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996) (*citing Bell*). The unnecessary and wanton infliction of pain on prisoners violates the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

The "core judicial inquiry" in an excessive force case is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm." *Hudson*, 503 U.S. at 7; *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001); *Thomas v. Stalter*, 20 F.3d 298, 302 (7th Cir. 1994). In determining whether the use of force was legitimate or malicious, several factors are relevant, including the need for the application of the force, the amount of force applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury that the force caused. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 1999) (*citing Hudson*, 503 U.S. at 7); *see also Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004).

The evidence provided by the parties in this case indicates that with respect to the incident of excessive force alleged against Defendant Davis, sometime in September of 2006, Correctional Officer Frank Ovarius called Plaintiff out of his cell. (*see* Plaintiff's complaint, p. 4 and Plaintiff's Dep. p. 36, Defendants' Ex. 3.) As Plaintiff was talking to Officer Ovarius, Defendant Davis came out of the control booth and told Plaintiff to turn around. (*see* Plaintiff's Dep. p. 38, Defendants' Ex. 3.) Defendant Davis punched Plaintiff in the face. *Id.* at 39. After Defendant Davis struck Plaintiff in the face, he handcuffed Plaintiff hands behind his back, and continued striking Plaintiff in the face. *Id.* at 50. Plaintiff was "knocked out" during the altercation and woke up on the ground. *Id.* at 51-52. Plaintiff was hit once before being cuffed and five to six times after being cuffed. *Id.* at 52. Plaintiff states that he never struck back at Defendant Davis. *Id.* at 52.

After the altercation, Plaintiff was taken to Cermak Health Service, where he was X-rayed, and given an ice pack and pain medication. *Id.* at 56. Plaintiff testified that his face was so swollen as to be unrecognizable[3]. *Id.* at 58.

Defendants argue that the force and the injuries suffered by Plaintiff were *de minimus*. However, the record is incomplete to determine as a matter of law that the force used was not excessive, and Plaintiff may succeed with an excessive force claim even if his injuries were *de minimus*. "It would be a serious mistake to interpret Section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits"–such a proposition "would give prison officials free reign to maliciously and sadistically inflict psychological torture on prisoners, so long as they take care not to inflict any physical injury in the process." *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003): "Many things–beating with a rubber truncheon, water torture, electric shock, incessant noise, reruns of '*Space 1999*'–may cause agony as they occur yet leave no enduring injury. The state is not free to inflict such pains without cause just so long as it is careful to leave no marks." *Powers v. Snyder*, 484 F.3d 929, 932 (7th Cir. 2007).

A significant injury simply is not a prerequisite to an excessive force claim. *Hudson*, 503 U.S. at 9-10. In essence, Defendants invite this Court to assess Plaintiff's credibility—Plaintiff's injuries, they say, do not match with his description of events and therefore his deposition testimony should not be credited. But such questions of credibility are best left to a jury. *Dorsey v. St. Joseph County Jail Off.*, 98 F.3d 1527, 1529-30 (7th Cir. 1996).

---

[3] Defendants provide no medical evidence, let alone evidence that might establish that the use of force was necessary to reestablish order, supplying only the transcript of Plaintiff's (clearly tempestuous, and only minimally helpful) deposition.

9

Additionally, in their memorandum in support of summary judgment, Defendants take issue with witness statements provided by Plaintiff, stating that they are insufficient to create a material question of fact because Plaintiff's injuries were *de minimus*. (*See* Defendants' memorandum, p. 6.) On the contrary, the witness statements corroborate Plaintiff's version of the altercation, and are signed by the putative witnesses. Accordingly, the Court finds that as to the incident of alleged excessive force by Defendant Davis, material questions of fact remain, and Defendants' motion is denied.

However, Plaintiff has established no constitutional injury with respect to the alleged excessive force by Defendant Fergerson. Plaintiff alleges that Defendant Fergerson was escorting him to court, and Fergerson tightened his cuffs and slammed his head into a wall. In his deposition, Plaintiff provided testimony regarding this incident in one answer to one question. (*see* Plaintiff's Dep. p. 66, Defendants' Ex. 3.) He testified that Fergerson grabbed his cuffs, tightened his cuffs, and slammed his head into the wall. *Id.*

Defendants argue that the incident with Fergerson was a single, isolated incident, and consequently falls short of a constitutional injury. In this, Defendants are correct. Plaintiff's alleged violation, that he was confined in handcuffs that were too tight, does not rise to the level of a constitutional violation. *See Adams v. Battaglia*, Case No. 07 C 4897, 2011 U.S. Dist. LEXIS 55344, *8 (N.D. Ill. May 24, 2011) (Coleman, J.); *citing Cunningham v. Eyman*, 17 Fed. Appx. 449, 454 (7th Cir. 2001).

Plaintiff provides no further evidence regarding the incident and none that he ever sought medical assistance for his putative injuries. At summary judgment, a litigant must put forward evidence that would convince a trier of fact to find in his favor. It is, as the

Seventh Circuit has frequently noted, the "put up or shut up" phase of litigation. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2001). At the summary judgment phase, a plaintiff no longer may rest on the allegations of his complaint, but must point to affidavits, depositions, or other evidence of an admissible sort, that a genuine dispute of material fact exists between the parties. Fed. R. Civ. P. 56(a); *Behrens v. Pelletier*, 516 U.S. 299 (1996).

While Plaintiff alleges excessive force, without more evidence regarding the incident, such as that provided by Plaintiff with respect to the incident involving Defendant Davis, and absolutely no evidence of injury or seeking medical assistance, the Court finds that Plaintiff has made an insufficient showing that the force alleged to have been used by Defendant Fergerson was excessive. Consequently, the Court grants judgment to Defendant Fergerson.

Plaintiff has also alleged a kind of excessive force claim against Defendant Ms. Lee. He alleges that because of an incident that occurred before Plaintiff was incarcerated, Ms. Lee arranged to have Defendants Davis and Fergerson use excessive force against Plaintiff while he was incarcerated. More specifically, Plaintiff alleges that he punched a relative of Ms. Lee's (her niece) in the face when she walked up behind him while he was urinating in an alley. (*see* Plaintiff's Complaint, generally, and Plaintiff's Dep. pp. 28 and 59, Defendants' Ex. 3.) Defendants argue that Plaintiff provides no evidence that Ms. Lee was directly involved in the incidents of force he complains of, that he merely alleges that she asked him, "Do you think you'll get away with hitting my niece?" (*see* Plaintiff's Complaint. p. 5A, Defendants' Ex. 1.)

There is no evidence in the record establishing that Ms. Lee arranged for Defendants Davis and Fergerson to use excessive force on Plaintiff, only Plaintiff's conclusory statements to that effect. Therefore, Plaintiff has not established that Ms. Lee was personally involved in the alleged use excessive force. *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (a "plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions.") (citation omitted). The Court thus grants Defendants' summary judgment motion as to the claim brought against Ms. Lee.

## II. Plaintiff has provided no Evidence of his Retaliation Claim against Superintendent Snooks.

It is well established that retaliation against prisoners for voicing their displeasure with prison conditions violates their First Amendment Rights to petition for redress of grievances. *Cain v. Lane*, 857 F.2d 1139, 1143 (7th Cir. 1988); *Ustrak v. Fairman*, 781 F.2d 573, 577-78 (7th Cir.), *cert. denied*, 479 U.S. 824 (1986); *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir. 1989); *Wolfel v. Bates*, 707 F.2d 932, 934 (6th Cir. 1983). To establish retaliation, the plaintiff must show: (1) a chronology of events from which an inference of retaliation can be made; and (2) evidence demonstrating that plaintiff's "protected conduct was a motivating factor" behind the adverse actions taken against him and that absent the retaliatory motive, things would have occurred differently. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996).

A retaliation claim for interference with First Amendment rights is actionable no matter how trivial the injury as long as the adverse consequence was "an effective deterrent to the exercise of a fragile liberty." *Power v. Summers*, 226 F.3d 815, 820 (7th

Cir. 2000). The form of retaliation must be sufficiently adverse so as to deter the exercise of the First Amendment rights at issue. *Power,* 226 F.3d at 821. It "must be sufficiently adverse to present an actual or potential danger that the speech of [the plaintiffs] will be chilled." *DeGuiseppe v. Village of Bellwood,* 68 F.3d 187, 68 F.3d at 191 (7th Cir. 1995). Stated another way, the injury inflicted must be "likely to chill a person of ordinary firmness from continuing to engage in that activity." *Bloch v. Ribar,* 156 F.3d 673, 678 (6th Cir. 1998). *See also Dawes v. Walker,* 239 F.3d at 493 (2d Cir. 2001); *The Chicago Reader v. Sheahan,* 141 F. Supp. 2d 1142, 1144-45 (N.D. Ill. 2001).

While Plaintiff alleges that Snooks threatened to kill him, and set him up for further criminal charges, at deposition, he provides no testimony regarding the threat, and it is clear that Snooks alleged actions did not prevent him from filing grievances and otherwise seeking relief. (*see* Plaintiff's Complaint, p. 5B, and Plaintiff's Dep. generally, Defendants' Ex. 3.) Rather, the evidence indicates that Plaintiff continued to pursue remedies. He filed a grievance. (*see* Plaintiff's Dep. p. 67, Defendants' Ex. 3.) He filed his complaint. (*see* Plaintiff's Complaint, generally.)

Standing alone, threats or verbal harassment do not constitute a constitutional violation. *DeWalt,* 224 F.3d 607, 612. The record does not suggest that there was any threat, or that if there was that it had any chilling effect on Plaintiff's conduct. Even if there had been a threat, as there was no chilling effect, while serious, there was no violation. *Id.*

Not only does the evidence indicating no chilling effect on Plaintiff pursuing his remedies, but also, Plaintiff waivers in his testimony as to whether he actually told Snooks, himself of the incident of excessive force by Defendant Davis. (*see* Plaintiff's

13

Dep. p. 69-70, Defendants' Ex. 3.) Plaintiff merely repeatedly states that Snooks "knew" about the incident, and finishes with "I don't know but Snooks was told. Snooks and a whole lot of people was told." *Id.* at 70. Plaintiff provides no evidence by deposition testimony, affidavit, or otherwise, that supports his allegation of retaliation, or threat of retaliation by Defendant Snooks. Consequently, the Court grants Defendants' motion for summary judgment as to the retaliation claims against Snooks.

### III. Plaintiff's Claims against the Jane Doe Defendant are Dismissed Pursuant to Fed. R. Civ. P. 4(m).

Plaintiff alleges that there is another relative of the woman he struck working at the Cook County Jail, but has never identified her, or had her served with the complaint as required by Rule 4 of the Federal Rules of Civil Procedure. Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . . .

In the case at bar, the complaint was filed on February 11, 2009. The Court provided Plaintiff the opportunity to complete discovery to ascertain the identity of the Jane Doe Defendant, and asked Defendants to assist in identifying her. In spite of being given every opportunity to request information leading to the discovery of Jane Doe's identity and being assisted by defense counsel, Plaintiff has never successfully identified or served her. Ultimately it is Plaintiff's responsibility to assure service on Defendants pursuant to Fed. R. Civ. P. 4. As Plaintiff has failed to effectuate service on Defendant

Jane Doe within 120 days as required under Fed. R. Civ. P. 4(m), she is dismissed from this cause of action.

Additionally, the statute of limitations for Section 1983 actions filed in Illinois is two years. See 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), citing *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). In this circuit, a plaintiff cannot invoke the relation back principles of Rule 15(c) to replace John Doe Defendants with named Defendants after the statute of limitations has expired. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); see also *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). Accordingly, any claim against the Jane Doe Defendant would have long since been time-barred, and Plaintiff's claim against the Jane Doe Defendant is thus dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Davis Fergerson, Lee and Snooks' motion for summary judgment (ECF Doc. No. 95) is granted in part and denied in part. Judgment is granted as to Defendants Fergerson, Lee, and Snooks. Plaintiff's claim against Jane Doe is dismissed. The summary judgment motion is denied with respect to the claims against Defendant Davis. Plaintiff's motion for summary judgment 9ECF Doc. No. 114) is denied.

Dated: 8/23/11

William J. Hibbler
U.S. District Court Judge

15